UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERRY L. STARKEY,

       Petitioner,                 Case No. 1:06-cv-693

v.                                      HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Respondent.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on January 4, 2008 (Dkt 12). The Report and Recommendation was duly served on the parties. The Court has received objections from petitioner and a response to the objections from respondent (Dkts 13 & 14). In accordance with 28 U.S.C. § 636(b)(1), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court finds the objections are without merit.

Petitioner, who represented herself at the administrative level, argues that the Magistrate Judge erred in concluding that the ALJ properly developed the record in this case. First, petitioner argues that the ALJ erred in failing to recontact one of her treating physicians, gynecologist Richard Tomczyk, D.O. According to petitioner, it was up to the ALJ to see if Dr. Tomczyk would verify that her uterine fibroid tumors prevent her from working more than two days per month.

20 C.F.R. § 404.1512(e)(1) provides that "[w]hen the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, ... [w]e will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available."

The Magistrate Judge properly held that the ALJ had no duty to recontact Dr. Tomczyk for additional information in this case. The evidence that the ALJ received from Dr. Tomczyk, specifically his opinion that petitioner's condition could be remedied by one of several treatment options, provided an adequate basis for the ALJ's decision to not find petitioner disabled. Indeed, the fact that petitioner had chosen not to follow any of the prescribed courses of treatment precluded a finding of disability. "The general rule is that an impairment that can be remedied by treatment with reasonable effort and safety cannot support a finding of disability." *Johnson v. Secretary of Health and Human Services,* 794 F.2d 1106, 1111 (6th Cir. 1986). See 20 C.F.R. § 404.1530(b).

Second, petitioner asserts that "[t]he evidence of record documents that the plaintiff is disabled and unable to perform the basic mental demands of unskilled work as described in Social Security Rulings (SSR) 88-15 and SSR 96-9p." Petitioner's one-sentence argument is insufficient to preserve any claim she has in this regard. See, e.g., *Kennedy v. Comm'r of Soc. Sec.*, 87 Fed. Appx. 464, 466 (6th Cir. 2003).

Third, petitioner argues that the ALJ erred "when he failed to discuss or even reference the results of the State Agency consultative mental examination by Dr. Kristina Pikunas, Ph.D." As noted by the Magistrate Judge, the psychologist's evaluation was performed on June 10, 2002, approximately six weeks before the July 24, 2002 denial of one petitioner's previous petitions for

benefits. The Magistrate Judge correctly determined that the July 24, 2002 decision denying benefits is res judicata with respect to petitioner's mental disability as it existed on that date. See *Drummond v. Commissioner of Social Security,* 126 F.3d 837, 841 (6th Cir. 1997).

To the extent petitioner also proffers an argument within her third objection about the weight the ALJ gave to a second psychological examination and to her college attendance, this argument also fails to provide grounds for reversal. "An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler,* 730 F.2d 1147, 1150 (8th Cir. 1984)). The substantial-evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Id.*

THEREFORE, IT IS ORDERED that the objections are DENIED, the Report and Recommendation of the Magistrate Judge is APPROVED and ADOPTED as the opinion of the Court, and the decision by the Commissioner of Social Security is hereby AFFIRMED.


DATED:  March 26, 2008                       /s/ Janet T. Neff
                                             JANET T. NEFF
                                             United States District Judge